Edward J. Maney, Trustee
P. O. Box 10434
Phoenix, AZ 85064
Telephone (602) 277-3776
Fax No. (602) 277-4103
ejm@maney13trustee.com

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re: | ) | CHAPTER 13 BANKRUPTCY |
| | ) | |
| JONNIE PARKER | ) | CASE NO. 2-08-bk-00761-RTB |
| xxx-xx-8831 | ) | |
| | ) | TRUSTEE'S EVALUATION AND |
| | ) | RECOMMENDATION(S) REPORT WITH |
| | ) | NOTICE OF POTENTIAL DISMISSAL IF |
| | ) | CONDITIONS ARE NOT SATISFIED |
| | ) | |
| Debtor(s) | ) | RE: CHAPTER 13 1st AMENDED PLAN |

Edward J. Maney, Trustee, has analyzed the Debtor's Chapter 13 1ST Amended Plan and supporting documents and submits the following evaluation and recommendation(s):

GENERAL REQUIREMENTS:

a. Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee.

b <u>Requests by the Trustee for documents and information are not superseded by the filing of an amended Plan or motion for moratorium.</u>

c. The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an Amended or Modified Plan is filed and noticed out.

d The Trustee requires that any proposed Order Confirming Plan state, "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

e. The Trustee requires that any proposed Order Confirming Plan state: "Debtor is instructed to remit all payments on or before the stated due date each month. Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the Case can be discharged. This requirement is effective regardless of Plan payments, suspensions, waivers or moratoriums, and must be included in any Plan Confirmation Orders".

Trustee's Recommendation
Case #08-00761
Page 2. . . . . . .

f.  The Debtor(s) is required to provide directly to the Trustee, **within 30 days after the returns are filed,** copies of the federal and state income tax returns for every year during the duration of the Plan. This requirement is to be included in the Stipulated Order Confirming the Plan.

g.  At the time of confirmation, the Trustee will require the Debtor(s) to certify that Debtor(s) are current on all required tax filings and any domestic support orders.

h.  If Debtor(s) Plan proposes to discharge taxes not paid by the Plan, the Trustee objects to this provision. The proper procedure to determine dischargeability is through an adversary proceeding, pursuant to F.R.B.P. Rule 7001. Any proposed Order Confirming the Plan submitted by the Debtor(s) **must** specifically amend or remove this language to comply with the Bankruptcy Code and Rules.

RECOMMENDATION REQUIREMENTS:

1.  Debtor(s) Plan payments are currently delinquent $978.00 with a payment of $850.00 coming due 8/27/09

    Debtor filed an amended Schedule I and J and Amended Plan on 5/28/09 and an amended Plan. Plan payments were decreased to $431.00 in the Plan and disposable income on Schedule J was the same. However, Debtor's vehicle is being paid through the Plan. Therefore, the Plan payments have been increased.

    At the hearing held on 5/28/09, Trustee's counsel addressed several issues regarding the amended Schedule I and J. The Court ordered Debtor to file an amended I and J within 15 days. This was not resolved. Debtor has also moved and therefore an amended Schedule I and J are needed.

    The Trustee requires this to be resolved immediately.

2.  In the documentation provide on May 28, 2009, the letter indicated that paystubs were enclosed. This is incorrect. The Trustee requires copies of Debtor's <u>two most recent</u> consecutive paycheck stubs for each employer for verification of income and deductions.

4.  Although an amended 2016(B), Plan and Statement of Financial Affairs have been amended, the Trustee notes that there are still discrepancies in the attorney fees. All appropriate documents are to be amended, filed and copy provide to the Trustee.

5.  Debtor's original Plan proposed adequate payments to Compass Bank. The Amended Plan removes this payment. The Trustee requires language in the Order which requires the adequate protection payments to be provided upon confirmation from the first plan payment until creditor starts receiving disbursements through the Plan.

-2-

6. Upon review of Debtor's bank statements, the Trustee notes the following:

   a. Bank of America account includes a 2nd parties' name. The Trustee requires clarification regarding the age, residential address and relationship of this individual.
   b. Debtor's schedule I shows her monthly gross income as $3,227.47. The January to February Bank of America statement show deposits of $5,821.20. The Trustee requires further clarification regarding the source of this income.
   c. If Debtor has a 2nd party residing with her, why does she not include rental income on Schedule I and 22C???
   d. Desert Schools' bank statements show Debtor's pay checks going into this account. So the funds being deposited into the Bank of America account do not appear to be Debtor's income. Desert Schools' bank account also shows deposit from "The University". Why is this income not included on the Schedule I and 22C. If this income has terminated, the Trustee requires documentation on the date it terminated and justification as to why Debtor should not provide additional funding into the Plan to repay for this diversion.

7. The Trustee requires a copy of Debtor(s) Residential Rental Agreement.

8. The Trustee requires **completed** and **signed** copies of Debtor's 2008 State and Federal tax returns, W-2's and 1099's.

If the Debtor(s) have any questions or concerns regarding this Recommendation, they should contact their attorney. If Debtor(s) are not represented by counsel, they may contact the Case Administrator at extension 210.

The Trustee objects to confirmation of the Plan. The Trustee is unable to complete evaluation of the Debtor(s)' Plan and/or assess the feasibility of the Plan at this time. You are advised that the Trustee will lodge an Order of Dismissal should the Debtor(s) fail to become and/or remain current with their Plan payments and resolve items 2 through 8 within thirty (30) from the date of the Trustee's Recommendation. The Trustee will file a Supplemental Recommendation provided the Debtor(s) comply with the conditions stated herein.

Date See Electronic Signature Block

Edward J. Maney, Trustee

| | |
|---|---|
| 1 | Copies of the foregoing mailed on this date See Electronic Signature Block to: |
| 2 | |
| 3 | Joseph Charles |
| 4 | P. O. Box 1737<br>Glendale, AZ  85311 |
| 5 | |
| 6 | Jonnie Parker<br>1942 S. Emerson, #134<br>Mesa, AZ  85210 |

_____